# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:11-CR-00462-HZ |
| v. | JUDGMENT, FINDING OF NOT GUILTY ONLY BY REASON OF INSANITY, AND ORDER OF CONDITIONAL DISCHARGE |
| DAVID JOSEPH HODSON, | |
| **Defendant.** | |

This case came before the court for trial on August 20, 2012, the government appearing by Assistant United States Attorney Stephen F. Peifer and defendant appearing in person and with his attorney, Assistant Federal Public Defender Susan Russell.

The court examined defendant and found him competent to proceed. In writing and orally, defendant waived his right to jury trial and consented to trial by the court. The government consented to the jury waiver, and the court approved the waiver pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure.

Trial proceeded by stipulation of facts presented on the record by the government with the express consent and agreement of defendant. Defendant expressly waived his right to testify in his own defense. Defendant raised the affirmative defense of insanity as provided in 18 U.S.C. § 17 and presented as evidence the report of Dr. George R. Suckow, M.D. The government stipulated to the admission into evidence of Dr. Suckow's report and his opinion that, at the time of the charged offenses, defendant's conduct was the result of a severe mental

disease or defect such that defendant was unable to appreciate the nature and quality of the wrongfulness of his acts.

The court therefore FINDS, beyond a reasonable doubt, that, at the time of the commission of the acts constituting the offenses charged in the indictment (i.e., arson and making and possessing an unregistered destructive device), defendant, as the result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts, and defendant is therefore ADJUDGED not guilty only by reason of insanity.

The court further FINDS, with the agreement of the parties, that, because defendant is not in custody and he qualifies for conditional discharge, he is not subject to the additional custodial examination provisions of 18 U.S.C. § 4243(a) through (e). Based on the agreement of the parties and the undisputed evidence from Dr. Suckow, the court FINDS, by clear and convincing evidence, that defendant has recovered from his mental disease or defect to such an extent that, pursuant to 18 U.S.C. § 4243(b)(2), his conditional release under a prescribed regimen of medical, psychiatric or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

The court therefore ORDERS that defendant be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment under the management and supervision of the U.S. Probation Office. In addition to all standard conditions ordinarily applicable to a probationary sentence, defendant's conditional discharge shall be subject to the following special conditions:

1. The defendant shall participate in a mental health treatment program approved by the probation officer.

**Trial Order, Finding of Not Guilty Only By Reason of Insanity, and Order of Conditional Discharge**     Page 2

2. As directed by the probation officer, the defendant shall take antabuse, if medically approved, for the treatment of alcohol abuse.

3. The defendant shall not possess or consume alcohol or enter an establishment where alcohol is the primary item for sale.

4. The defendant shall participate in and successfully complete a program for anger management counseling, as approved by the probation officer.

5. As directed by the probation officer, the defendant shall take psychotropic medication, if medically approved, for the treatment of a mental or emotional disorder.

6. The defendant shall reside in and participate in an inpatient mental health treatment program, as directed by the probation officer.

IT IS SO ORDERED this ___ day of August 2012.

MARCO A. HERNÁNDEZ

Presented by:

S. AMANDA MARSHALL
United States Attorney

*s/ Stephen F. Peifer*
STEPHEN F. PEIFER, OSB #74252
Assistant United States Attorney
(503) 727-1000

**Trial Order, Finding of Not Guilty Only By Reason of Insanity, and Order of Conditional Discharge**   Page 3