IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,           No. 3:11-cr-00462-HZ

    v.

DAVID JOSEPH HODSON,           OPINION & ORDER

    Defendant/Petitioner


Billy J. Williams
United States Attorney
Hannah Horsley
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

    Attorneys for United States of America

Robert A. Weppner
Law Office of Robert A. Weppner
4110 S.E. Hawthorne Blvd., No. 127
Portland, OR 97214

    Attorney for Defendant/Petitioner

HERNÁNDEZ, District Judge:

Before the Court are Defendant's motions (1) to withdraw his plea under Federal Rule of Criminal Procedure 11(d)(2);[1] (2) to correct his sentence under 28 U.S.C. §2255; (3) for relief under Federal Rule of Civil Procedure 60(b)(6); and (4) for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons below, Defendant's motions under Fed. R. Crim P. 11(d)(2), § 2255, and Fed. R. Civ. P. 60(b)(6) are DENIED. Defendant's motion under § 2241 is transferred to the court of competent jurisdiction pursuant to 28 U.S.C. § 1631.

## BACKGROUND

On November 15, 2011, Mr. Hodson was indicted with one count of arson and one count of making and possessing an unregistered destructive device. ECF 1. At Mr. Hodson's initial appearance, Assistant Federal Public Defender Susan Russell was appointed as counsel. ECF 6. In 2012, counsel filed a notice of intent to present an insanity defense pursuant to Fed. R. Crim P. 12.2. ECF 25. The parties agreed that Mr. Hodson satisfied the federal standard for insanity on the charged offenses. ECF 127 at 14. On August 20, 2012, Mr. Hodson waived his right to a jury trial and proceeded with a stipulated facts trial. ECF 39. The Court found Mr. Hodson not guilty only by reason of insanity. ECF 40.

On August 22, 2012, the Court entered Judgment and ordered Mr. Hodson conditionally discharged under 18 U.S.C. § 4243. ECF 40. The conditions of discharge included a prescribed regimen of medical and psychiatric care and treatment, subject to standard and special conditions. *Id.* at 2-3. Mr. Hodson remained in the community on conditional release until April 2015. On April 7, 2015, following a string of violations, the Court revoked Mr. Hodson's conditional discharge and committed him to the care and custody of the Attorney General for

---
[1] Both parties appear to cite mistakenly Fed. R. of Crim. P. 12(d)(2).

treatment. ECF 92; ECF 48, 68, 83. Mr. Hodson was hospitalized at FMC Rochester for about 20 months. ECF 97.

On December 1, 2016, the Court found Mr. Hodson again suitable for conditional release. ECF 97. Mr. Hodson remained in the community until August 14, 2017, when his conditional release was revoked, and he was again remanded to the Bureau of Prisons for care and treatment. ECF 115-18. On August 13, 2018, Mr. Hodson filed a pro se Motion to Withdraw Plea of Guilty based on ineffective assistance of counsel. ECF 123. He filed a pro se amended motion on August 22, 2018. ECF 124. Counsel was appointed and, in February 2019, filed a Second Amended Motion alleging ineffective assistance of counsel. ECF 125, 128.

## DISCUSSION

Defendant moves (1) to withdraw his plea under Fed. R. Crim. P. 11(d)(2); (2) to correct his sentence under 28 U.S.C. § 2255; (3) for relief under Fed. R. Civ. P. 60(b)(6); and (4) for writ of habeas corpus under 28 U.S.C. § 2241.

Defendant's motion to withdraw his plea under Fed. R. Crim. P. 11(d)(2) lacks merit. Fed. R. Crim. P. 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Defendant did not enter of plea of guilty or nolo contendere. Rather, he pleaded not guilty, provided notice of an insanity defense under Fed. R. Crim. P. 12.2, and was found not guilty only by reason of insanity following a stipulated facts trial. Thus, Defendant's motion for relief under Fed. R. Crim. P. 11(d)(2) is denied.

Defendant's motion for relief under 28 U.S.C. § 2255 is also denied. In general, a prisoner serving a federal sentence "may move the court which imposed the sentence to vacate,

set aside or correct the sentence." § 2255. But because Defendant was acquitted, he is neither serving nor challenging a federal sentence. *See United States v. Buddell*, 187 F.3d 1137, 1141 (9th Cir. 1999) ("Because Budell was acquitted, he is not a 'prisoner in custody under sentence,' nor is he challenging a sentence. Therefore, Budell's motion for a discharge hearing and appointment of counsel under 18 U.S.C. § 4247 cannot be construed as a § 2255 motion."). Defendant's motion for relief under § 2255 is therefore denied.

Defendant's motion for relief under Fed. R. Civ. P. 60(b) is denied for the same reasons. A Rule 60(b) motion may be used to attack "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If, however, "the motion presents a 'claim,' i.e., 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011). Defendant does not challenge some defect from a previous habeas proceeding as, in fact, there was no previous habeas proceeding. Instead, Defendant alleges ineffective assistance of counsel to challenge the plea and the Court's finding of not guilty by reason of insanity. Thus, Defendant's Rule 60(b) motion must be treated as a disguised § 2255 motion and is denied for the same reasons stated above.

Lastly, the Court lacks jurisdiction to hear Defendant's petition for habeas corpus under 28 U.S.C. § 2241. In general, an individual committed under 18 U.S.C. § 4243 may challenge the legality of that detention by a habeas corpus petition. 18 U.S.C. § 4247(g) ("Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."); *United States v. Vela*, 624 F.3d 1148, 1162 (9th Cir. 2010) (Smith, J.,

dissenting) ("Because an individual committed to a mental institution is being 'detained,' Vela may always file a petition for a writ of habeas corpus under 18 U.S.C. § 4247(g)."); *Harrison v. Ollison*, 519 F.3d 952 (9th Cir. 2008) ("A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"). But a "habeas petition filed pursuant to § 2241 must be heard in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Mr. Hodson is currently in the custody of the Federal Medical Center at Rochester, Minnesota. Thus, the Court lacks jurisdiction to entertain the action.[2] *See id.* ("federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction.").

A court lacking jurisdiction over a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; *see also Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Cruz-Aguilera*, 245 F.3d at 1074 (internal citations and quotations omitted). Defendant's petition for writ of habeas corpus under § 2241 is therefore transferred to the custodial court for further proceedings.

---

[2] As the committing court, however, this Court has jurisdiction to hear a motion for discharge under 18 U.S.C. § 4247(h). *See United States v. Guidry*, 2008 WL 3906792 at *2 (D. Or. Aug. 22, 2008) (committing court has jurisdiction over § 4247(h) motion). While Defendant may file a motion for discharge under § 4247(h) with this Court, Defendant—through counsel—has not done so. *See* Def.'s Reply 6 ("a § 4247 motion for discharge is not an adequate alternative available remedy for the deprivation of defendant's right to the effective assistance of counsel.").

## CONCLUSION

Because the motions and records of the case conclusively show that Defendant has no right to relief, the Court denies Defendant's request for a hearing. Defendant's motions under Fed. R. Crim P. 11(d)(2), § 2255, and Fed. R. Civ. P. 60(b)(6) are denied. Defendant's petition for writ of habeas corpus under § 2241 is transferred to the court of competent jurisdiction.

IT IS SO ORDERED.

Dated this 7 day of August, 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge